UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BARCLAY FREIBERG,

    Plaintiff,

v.                                                     Case No. 1:14-cv-1037
                                                     Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1961. PageID.313. He completed one year of college, had specialized training in welding, and previous employment as a fabricator, general laborer, machine operator, supervisor and welder. PageID.320. Plaintiff alleged a disability onset date of December 31, 2008. PageID.313. Plaintiff identified his disabling conditions as "torn shoulder, labrum." PageID.318. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 20, 2013. PageID.87-98. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 31, 2008 and that he met the insured status requirements of the Act through March 31, 2010.  PageID.89.  At the second step, the ALJ found that plaintiff had a severe impairment of degenerative joint disease of the left shoulder, status post arthroscopic repair of labral tear with chronic pain.  PageID.90.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.91.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  This means that the claimant is able to lift up to 20 pounds occasionally up to 20 pounds; lift or carry 10 pounds frequently; stand or walk approximately 6 hours per 8-hour workday; and sit for approximately 6 hours per 8-hour workday with normal breaks.  The claimant should never climb ladders, ropes or scaffolds.  He can frequently climb ramps and stairs. Claimant can frequently balance, stoop, crouch, and kneel.  He can only occasionally crawl.  With the left upper extremity, he can frequently reach with the left upper extremity.  He can only occasionally reach overhead with items weighing less than 5 pounds with the left upper extremity.  Claimant can frequently handle objects, defined as gross manipulation with the left upper extremity; frequently feel with the left upper extremity; and frequently finger with the left upper extremity, defined as fme manipulation.  Claimant has no manipulative limitations to the right dominant upper extremity.  The claimant must avoid concentrated exposure to moving machinery and avoid concentrated exposure to unprotected heights.  Due to pain, Claimant's work is limited to simple and routine tasks.

*Id.*  The ALJ also found that plaintiff was unable to perform any past relevant work.  PageID.95.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy. PageID.96-97. Specifically, plaintiff could perform the following work in the regional economy, defined as the State of Michigan: assembler (1,000 jobs regionally, 44,000 jobs nationally); laborer (2,000 jobs regionally, 83,000 jobs nationally); and mail sorter (900 jobs regionally, 57,000 jobs nationally). *Id.* Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from December 31, 2008 (the alleged onset date) through June 20, 2013 (the date of the decision). PageID.97-98.

### III. ANALYSIS

Plaintiff raised five issues on appeal.

**A. This Court should consider post hearing evidence.**

In his brief, plaintiff mentions that he underwent a left shoulder arthroplasty after the administrative hearing but before the Appeals Council addressed his request for review. PageID.652. Plaintiff contends that this new evidence was not available at the administrative hearing and is relevant to the determination of his claim. While plaintiff apparently wants the Commissioner to consider this new evidence pursuant to sentence six of § 42 U.S.C. § 405(g), he does not provide the Court with a sufficient argument to support this claim. Accordingly, the Court deems this issue waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

> **B.     The ALJ committed reversible error by assigning great weight to a non-examining medical expert and by wrongly weighing medical evidence from treating and examining physicians.**

Plaintiff contends that the ALJ improperly adopted the opinion of Hugh R. Savage, M.D., the non-examining medical expert (ME) who testified at the hearing. The thrust of plaintiff's argument is that the ALJ should have deferred to the opinion of an examining physician, Stephen A. Montes, D.O. The issue before the ALJ involved weighing the opinion of an examining physician, Dr. Montes, with the opinion of a non-examining ME, Dr. Savage. "It is the Commissioner's function to resolve conflicts in the medical evidence." *Craft v. Commissioner of Social Security*, 39 Fed.Appx. 274, 276 (6th Cir. 2002).

"As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a 'nonexamining source')." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). The regulations provide that the agency will evaluate every medical opinion received "[r]egardless of its source," and that unless a treating source's opinion is given controlling weight, the agency will consider the factors set forth in § 404.1527(c)(1)-(6) in deciding the weight given to any medical opinion. *See* 20 C.F.R. § 404.1527(c). While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ rejects the report of a non-treating medical source. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Plaintiff has raised two arguments. First, plaintiff contends that the ALJ dismissed Dr. Montes' report because it was generated by a plaintiff's attorney. The record does not support this claim. The ALJ engaged in a lengthy discussion comparing the substance of the opinions expressed by these two non-treating physicians. PageID.93-95.

Second, plaintiff contends that the ALJ improperly characterized Dr. Montes' report as based on plaintiff's subjective complaints. The ALJ gave "little weight and no controlling weight" to Dr. Montes' opinions because they were "based on the claimant's subjective complaints and [were] inconsistent with the medical records." PageID.93-94. As an initial matter, the ALJ's reference to controlling weight is inapplicable. Non-treating physicians such as Dr. Montes are not granted the presumption of controlling weight afforded to treating physicians under 20 C.F.R. §§ 404.1527(c) and 416.927(c). *See Coldiron v. Commissioner of Social Security*, 391 Fed. Appx. 435, 442 (6th Cir.2010).

The record reflects that Dr. Montes' examination included an x-ray review and tests including: cervical range of motion; cervical muscle testing; bilateral shoulder range of motion; bilateral shoulder muscle testing; and bilateral upper extremity sensation and reflex testing. PageID.613-630. Based on his examination of plaintiff, review of the x-rays, and testing, Dr. Montes suggested the following permanent restrictions: "no lifting greater than 5 pounds, minimal ADL activities with left shoulder/arm, no bending, no squatting, no kneeling, no crawling, no stooping, no vibratory tools or activities, no repetitive activities, no ladder climbing, no unprotected heights, and no reaching overhead." PageID.629.

While the ALJ was not required to give good reasons for rejecting Dr. Montes' assessment, the Court cannot trace the path of his reasoning. The record reflects that Dr. Montes

reviewed the claimant's x-rays, examined the claimant, and tested the claimant's muscles, reflexes, sensation and range of motion.  Based on this record, the ALJ's decision to give the examining physician's opinion little weight because it was based on subjective complaints is not supported by the evidence.  While the ALJ also stated that the opinion was inconsistent with the medical records, the ALJ's decision did not address the substance of the tests performed by Dr. Montes or explain how those test results were inconsistent with the medical evidence.  Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Montes' opinion in light of the testing performed during the examination.

> **C.   The ALJ committed reversible error by failing to consider plaintiff's psychological impairment.**

Contrary to plaintiff's claim, the ALJ considered his psychological impairment.  The ALJ evaluated plaintiff's claim that he suffered from adjustment order with depressed mood and ultimately concluded that this was not a severe impairment.  PageID.90-91.  The fact that this impairment was not deemed to be severe at step two is "legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).

> **D.   The ALJ committed reversible error by using improper boilerplate language in the opinion.**

Plaintiff contends that the ALJ used meaningless boilerplate with respect to evaluating his credibility.  An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).  Where a claimant contends that the ALJ made only a "boilerplate" credibility finding, this contention has no merit where the ALJ

provided a thorough explanation elsewhere in the decision setting forth his reasons for doubting the claimant's account. *See Cox v. Commissioner of Social Security*, 615 Fed. Appx. 254, 260 (6th Cir. 2015).

In this case, the ALJ addressed plaintiff's credibility with respect to plaintiff's claim that pain affects his concentration:

> The record establishes that the shoulder impairment is to the left non-dominant upper extremity. Although claimant left his last job due to a lay off and not for medical reasons, credit is given to the claimant's allegation of pain resulting in limitation in concentration. Thus, he is limited to unskilled work.

PageID.95. However, the ALJ did not provide a thorough explanation of plaintiff's credibility with respect to the other claims, stating only that "[i]n sum, the undersigned finds that the claimant's allegations regarding the limiting effects and the severity of the symptoms of his impairments are only partially credible." PageID.95. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate plaintiff's credibility.

### E. The ALJ committed reversible error by failing to follow the vocational expert's (VE's) answers to accurate hypothetical questions and by relying on an insufficient number of jobs.

#### 1. Hypothetical question

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's

physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. While plaintiff contends that the ALJ erred "by not heeding the accurate vocational testimony," he provides no factual basis or meaningful argument on this issue. PageID.655. Accordingly, this claim of error will be denied.

### 2. Significant number of jobs

Finally, plaintiff contends that the ALJ did not identify a sufficient number of jobs at step five. As discussed, the ALJ found that plaintiff could work as an assembler, laborer and mail sorter, with 3,900 jobs available in the region (Michigan) and 184,000 jobs available nationally. PageID.96-97. In *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988), the Sixth Circuit found that 1,350 to 1,800 jobs in the Dayton, Ohio, area was a significant number of jobs in that case. In reaching its determination, the court observed that there is no "magic number" that represents a "significant number" of jobs. *Id.* "The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* The judge may consider factors such as: the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; and the types and availability of such work. *Id.*

The Sixth Circuit also considered the relevant statute and regulation. The definition of disability in 42 U.S.C. § 423(d)(2)(A), which states in pertinent part that "'work which exists in the national economy' means work that exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* at 274-75. Finally, the applicable regulation, 20 C.F.R. § 404.1566(b), provides in pertinent part:

> Work exists in the national economy when there is a significant number of
> jobs (in one or more occupations) having requirements which you are able to meet

> with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy". We will not deny you disability benefits on the basis of the existence of these kinds of jobs.

*Id.* at 275. *See also*, 20 C.F.R. § 416.966(b).

Courts have held that as few as 500 jobs can meet the *Hall v. Bowen* criteria. *See Born v. Secretary of Health and Human Services*, 923 F.2d 1168, 1174-75 (6th Cir. 1990). Here, the positions of assembler, laborer and mail sorter are not isolated jobs in either Michigan (3,900 jobs) or the nation as a whole (184,000 jobs). Given these considerations, the ALJ established a "significant number" of jobs that plaintiff could perform based on his RFC. Accordingly, plaintiff's claim of error is denied.

## IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed (1) to re-evaluate Dr. Montes' opinion in light of the testing performed during the examination, and (2) to re-evaluate plaintiff's credibility with respect to all claims except plaintiff's claim that pain affects his concentration. A judgment consistent with this opinion will be issued forthwith.


Dated: March 8, 2016         /s/ Ray Kent
                             RAY KENT
                             United States Magistrate Judge